IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INUWA OLUWAPAMILERIN HAMISY, § <br> #A212946850, § <br> § <br> Petitioner, § <br> § <br> V. § <br> § <br> WILLIAM BARR, ET AL. § <br> § <br> Respondents. § | | No. 3:20-cv-3485-C-BN |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Inuwa Oluwapamilerin Hamisy, at the time detained at ICE's Prairieland Detention Center, filed a *pro se* 28 U.S.C. § 2241 petition [Dkt. No. 3] and a motion for a temporary restraining order [Dkt. No. 4], both docketed November 24, 2020, through which he requested in part that he be released considering the COVID-19 pandemic. *See, e.g.*, Dkt. No. 4 at 2-3 ("I am asking a temporary restraining order to compel my immediate release from civil immigration detention, in light of the unconstitutional mandatory detention and exigent circumstance presented by COVID-19 outbreak, and due to my being of higher risk of re-contracting the novel coronavirus. Petitioner continue detention in the face of the current COVID-19 pandemic violates my Fifth Amendment right to due process, due to my underlying medical condition that makes me particularly vulnerable to serious illness or death if I were to be re-infected by the virus. My exposure is imminent, given the fact that there are sixty-four (64) or more cases of COVID-19 in the facility, where respondent is currently housed as at 11-17-2020.").

Petitioner paid the filing fee. And Senior United States District Judge Sam R. Cummings referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As to Petitioner's conditions-based claim requesting release because of the risk of exposure to COVID-19, courts in this district and elsewhere had held at the time that Petitioner filed this case that they lack subject matter jurisdiction over (and thus the ability to grant preliminary injunctive relief on) such claims. *See, e.g.*, *Obaretin v. Barr*, 2020 WL 5775822, at *2-*3 (N.D. Tex. Sept. 11, 2020), *rec. accepted*, 2020 WL 5761085 (N.D. Tex. Sept. 28, 2020).

But, on November 24, 2020, a panel of the United States Court of Appeals for the Fifth Circuit held in an unpublished per curiam decision that a federal prisoner's "request for release to home confinement in the context of a global pandemic was properly brought as an application for a writ of *habeas corpus* under Section 2241 because a favorable ruling from the district court would accelerate his release." *Cheek v. Warden of Fed. Med. Ctr.*, ___ F. App'x ___, No. 20-10712, 2020 WL 6938364, at *2 (5th Cir. Nov. 24, 2020) (per curiam) (finding persuasive decisions from the "[t]wo circuits [that] have addressed the validity of a Section 2241 claim in the context of the COVID-19 pandemic[:] *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020)[, and] *Medina v. Williams*, 823 F. App'x 674 (10th Cir. 2020)").

The Court therefore requested that the United States Attorney for this district (the USAO) address the jurisdictional issue on an expedited basis. *See* Dkt. No. 5. The USAO filed a response arguing that the Court lacks jurisdiction over the

conditions-based claims. *See* Dkt. No. 8 & 9. And Petitioner failed to file a reply.

Regardless, the Fifth Circuit has now held in a published panel decision "that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Rice v. Gonzalez*, ___ F.3d ____, No. 20-20263, 2021 WL 347239, at *1 (5th Cir. Feb. 2, 2021); *see also id.* ("As we noted in *Carson v. Johnson*, '[i]f "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," ... the proper vehicle is a § 1983 suit.' 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Both *Carson* and *Orellana* dealt with parole procedures that, if modified by the courts, would enhance a prisoner's eligibility for release but not compel that result. Similarly, that Rice might more likely be exposed to COVID-19 during confinement, and that he may have certain common underlying health conditions, taken together do not impugn the underlying legal basis for the fact or duration of his confinement.").

And, on February 8, 2021, the USAO notified the Court that Petitioner was removed from the United States on December 4, 2020. *See* Dkt. No. 10.

While Petitioner "satisfied the jurisdictional 'in custody' requirement for purposes of pursuing relief under § 2241 at the time [he] filed [his] petition," *Herndon v. Upton*, 985 F.3d 443, No. 19-11156, 2021 WL 116535, at *2 (5th Cir. Jan. 13, 2021) (citing 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)), he "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution," *id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), because a federal

court's jurisdiction is "constrained to adjudicating 'actual, ongoing controversies between litigants,'" *id.* (quoting *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).

"'In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.' 'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (citations omitted). "And '[i]t is well-settled, that mootness is a threshold jurisdictional inquiry.'" *Ermuraki v. Renaud*, ___ F.3d ____, No. 20-20370, 2021 WL 486888, at *1 (5th Cir. Feb. 1, 2021) (per curiam) (quoting *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004)); *see also Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" (citations omitted)).

Petitioner's removal from the United States is an event that moots his challenge to his detention. *See, e.g.*, *Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot." (citing *Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) ("Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention, and not an order of removal, any such challenge is now moot because Chay has been removed from the

United States." (citations omitted)))).

Petitioner's removal therefore renders the Court without jurisdiction to render a judgment on his claims and requires dismissal. *Cf. Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999) ("If mootness occurred prior to the rendering of final judgment by the district court, *vacatur* and dismissal is automatic. The district court would not have had Article III jurisdiction to render the judgment, and we cannot leave undisturbed a decision that lacked jurisdiction." (citing *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 72-73 (1983))).

## Recommendation

The Court should dismiss this action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE